IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BEAIRD, ID # 14355-179, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-1833-K (BH) |
| | ) | ECF |
| DAN JOSLIN, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

Petitioner is a federal prisoner incarcerated in FCI Seagoville who challenges his "continued and continuing detainment of his person and denial of his constitutional right to liberty and consequential infliction of cruel and unusual punishment pursuant to such detainment and the denial of due process in the course of such." (Pet. Writ of Habeas Corpus (Pet.) at 2.) He names Dan Joslin, Warden of the Seagoville facility as respondent.

## A. Criminal Proceedings

On January 9, 2003, petitioner pled guilty to wire fraud in the United States District Court for the Southern District of Texas in Cause No. 4:02-CR-0633-01.[1] The District Court entered judgment on that guilty plea on October 31, 2003, and sentenced petitioner to five years

---

[1]  All information regarding petitioner's conviction and sentence comes from the public docket sheet in Cause No. 4:02-CR-0633-01 or scanned documents from that case.

imprisonment.  On November 3, 2003, petitioner appealed from that judgment (Appellate Cause No. 03-21106).[2]

Petitioner filed two separate motions seeking release from custody pending his appeal on February 16, 2005, and May 5, 2005, and the District Court denied both motions on May 31, 2005 because petitioner had not satisfied the criteria set forth in 18 U.S.C. § 3143(b).  On July 11, 2005, petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), and the District Court ultimately denied it on September 13, 2005, because that rule does not apply to federal criminal actions, and the court could not construe the motion as a motion to vacate filed pursuant to 28 U.S.C. § 2255 since petitioner's direct appeal remained pending.

On July 27, 2005, the Fifth Circuit entered judgment affirming the District Court's judgment, and petitioner moved for rehearing on August 15, 2005.  The Fifth Circuit denied the request for rehearing on October 4, 2005, and on November 29, 2005, it issued its mandate.  On December 15, 2005, petitioner filed a petition for writ of certiorari with the United States Supreme Court, which that Court denied on March 21, 2006.

## B. Habeas Action

This Court received the instant federal petition for writ of habeas corpus wherein petitioner alleges that his detention violates his rights to due process and to be free from cruel and unusual punishment on September 13, 2005.  He argues that § 2241 is the only available habeas avenue that is "authorized"[3] and adequate and effective to remedy his constitutional violations.  He argues that

---

[2]  All information pertaining to petitioner's appeal comes from the public docket sheet in Cause No. 03-21106.

[3]  Petitioner focuses on the term, "authorized" because § 2255 contains a "savings clause" provision that states:
   An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief
   by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed

*United States v. Booker*, 543 U.S. 220 (2005), decided January 12, 2005, repeals the sentencing guidelines under which he was sentenced, and thus, under a theory of "abatement by repeal", abates all prosecutions that have "not reached final disposition", *i.e.*, those prosecutions that have not yet reached a final judgment.

Petitioner argues that he is not authorized to file a motion pursuant to § 2255 28 U.S.C. § 2255 because he does not claim that the District Court in the Southern District imposed his sentence in the absence of jurisdiction or in violation of the Constitution or laws of the United States. He also argues that, even were he authorized to file a § 2255 motion, such a motion would be inadequate and ineffective to challenge his instant incarceration because (1) such a motion is not entitled to consideration when an appeal is pending; (2) the district court has no jurisdiction to render judgment on a § 2255 motion until the court of appeals issues its mandate regarding the appeal; (3) he has no cause of action once his sentence and conviction are deemed final by a ruling on his appeal; and (4) a remedy under § 2255 is not available until the one-year period of limitations commences.

## II.  MOTION FOR EXPEDITED HEARING

On November 2, 2005, the Court received a motion for expedited hearing. Petitioner argues that 28 U.S.C. § 2243 requires respondent to file a return to his petition within three days, unless for good cause shown, the Court extends the time for a period not to exceed twenty days. He argues that, because the Court has not granted his petition or ordered respondent to show cause why the

---

to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

petition should not be granted within this time frame, the Court has unconstitutionally suspended the writ of habeas corpus.

"In 1948, Congress enacted 28 U.S.C. § 2243 to govern the issuance of writs of habeas corpus, the returns or answers of respondents, as well as hearings and decisions on petitions for writs of habeas corpus." *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). The statute provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

In 1976, the United States Supreme Court enacted the Rules Governing Section 2254 Cases in the United States District Courts [hereinafter Habeas Rules].[4] Rule 1(b) of the Habeas Rules

---

[4]  The promulgating statute for the Habeas Rules, 28 U.S.C. § 2072, specifically provides in pertinent part:

> (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.
>
> (b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

4

provides that courts have the discretion to apply the rules to habeas petitions other than those arising under 28 U.S.C. § 2254, *i.e.*, those arising under § 2241.  Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 5 provides that "[t]he respondent is not required to answer the petition unless a judge so orders."  Rule 11 provides that "[t]he Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provision or these rules, may be applied to proceedings under these rules."  Fed. R. Civ. P. 81(a)(2) specifically states that the Federal Rules of Civil Procedure "are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases . . . and has heretofore conformed to the practice in civil actions."

In *Castillo*, this Court found that the Habeas Rules supplanted § 2243:  "Congress intended for rules promulgated pursuant to 28 U.S.C. § 2072 to supplant '[a]ll laws in conflict with such rules.'" 162 F. Supp. 2d at 577.  Although the Habeas Rules were amended in 2004 "as part of a general restyling", except where specifically delineated in the advisory committee notes regarding such amendments, the changes were not intended to substantively change the rules.  Nothing in the amended rules calls into question the previous ruling by this Court in *Castillo*.  Likewise, although Congress amended Rule 81(a)(2) in 2002 to specifically eliminate an inconsistency between a return-time provision in the pre-amended version of Rule 81(a)(2) with the Habeas Rules, *see* Fed. R. Civ.

P. 81(a)(2) advisory committee notes (2002 am.),[5] those amendments specifically support the finding in *Castillo*. Thus, "[t]he discretion accorded by Rule 4" of the Habeas Rules "'prevails' over the strict time limits of 28 U.S.C. § 2243." *Castillo*, 162 F. Supp. 2d at 577 (citing *Wyant*, 952 F. Supp. at 352). Consequently, the Court did not suspend the writ of habeas corpus by not granting the instant petition or ordering respondent to show cause why the petition should not be granted within the strict time limits of § 2243.[6]

For these reasons, petitioner's motion to expedite should be denied.

### III.  RELIEF UNDER 28 U.S.C. § 2241

Petitioner brings this action pursuant to 28 U.S.C. § 2241.  A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952).  "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).  The remedy afforded under § 2241 is "no different" from the scope of remedy afforded under § 2255. *Id.* at 214.

Although petitioner makes several arguments for why *United States v. Booker*, 543 U.S. 220 (2005) repealed the sentencing guidelines, and thus invalidated all prosecutions which have not

---

[5]  The previous time provision paralleled the § 2243 twenty-day limit, except that the limit was extended to forty days for petitions filed pursuant to § 2254. *See Wyant v. Edwards*, 952 F. Supp. 348, 351 (S.D. W. Va. 1997).

[6]  Even if the Court found that the Habeas Rules did not supplant the strict time limits of § 2243, petitioner would still not be entitled to expedited review.  The first paragraph of § 2243 expressly provides that where "it appears from the application that the applicant or person detained is not entitled thereto," a show cause order is not warranted.  Here, initial review of the instant habeas petition revealed that petitioner was not entitled to the granting of habeas relief.

reached final disposition, (*see* Pet. at 12-20), "*Booker* neither repealed the entire Act nor required the dismissal of all sentences imposed in accordance with the Act", *United States v. Triplett*, 166 Fed. App'x 362, 366 (10th Cir. 2006). *Booker* merely "rendered the guidelines advisory, not mandatory." *Id.*; *accord United States v. Armendariz*, 451 F.3d 352, 357 (5th Cir. 2006). Petitioner's arguments regarding "abatement by repeal" simply provide no basis for obtaining release pursuant to 28 U.S.C. § 2241.

Petitioner's various other arguments are equally unavailing. Although petitioner's creative drafting of the instant § 2241 may make § 2255 inapplicable because he does not herein challenge his conviction or sentence,[7] such creativity also eliminates any potential basis for relief under § 2241; without a challenge to his sentence or conviction, his claim does not raise an issue that he is detained in violation of the constitution or laws of the United States. Despite petitioner's general protestations regarding his constitutional rights, it is not unconstitutional to detain him pursuant to the federal judgment of conviction from the District Court in the Southern District of Texas that he expressly does not challenge in the instant action. That he had a pending appeal when he commenced this action does not affect the constitutionality of the detention. Congress has established a process for obtaining release pending appeal, *see* 18 U.S.C. § 3143; the District Court applied that process when it denied petitioner's motions for release pending appeal; and this Court

---

[7] The Court notes that, in a case that involved a purported § 2241 challenge to a federal conviction, the Northern District of Texas previously rejected the notion that § 2255 is inadequate and ineffective to challenge the conviction merely because an appeal of the underlying conviction remained pending. *See Risby v. Wendt*, No. 3:04-CV-0291-R, 2004 WL 828067, at *4 (N.D. Tex. Apr. 15, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 937013 (N.D. Tex. Apr. 29, 2004). In *Risby*, the Court noted that "§ 2241 is not the only remedy available to petitioner. He may yet obtain relief through his still pending appeal. Once his appeal is complete, he may seek relief through a motion under § 2255." *Id.* at 3. It further noted: "That petitioner must wait until his appeal is finally determined does not make the savings clause inapplicable to him." *Id.* (citing *United States v. Pirro*, 104 F.3d 297, 298-300 (9th Cir. 1997)).

does not act as a court of appeals to overturn the decision of the court in the Southern District. Rule 9(b) of the Federal Rules of Appellate Procedure provides the means to challenge the denials of the motions for release pending appeal. A federal prisoner may not side-step the appellate process by filing a purported petition pursuant to § 2241.

For all of these reasons, petitioner raises no claim that entitles him to habeas relief under § 2241.[8]

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DENY** petitioner's motion to expedite and, pursuant to Habeas Rule 4, **DISMISS** his application for habeas corpus relief brought pursuant to 28 U.S.C. § 2241.

**SIGNED this 11th day of August, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court declines to construe the instant action as arising under 28 U.S.C. § 2255 for several reasons. First, petitioner specifically denies that he is asserting a challenge cognizable under § 2255. Second, while petitioner's appeal remained pending, the Court would have been unable to construe the instant § 2241 petition as a motion to vacate filed pursuant to 28 U.S.C. § 2255 because such motion would not have been ripe for consideration. *See Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (holding "that a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal"; *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (holding that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending because the motion to vacate is "not ripe for consideration"); *Risby*, 2004 WL 828067, at *5 (recognizing and following *Fassler* and *Jones*). Third, although a motion to vacate is now ripe for consideration because petitioner's appeal has been finally resolved, such motion must be filed in the district of conviction, *i.e.*, the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 2255; *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). This filing requirement is jurisdictional. *Ojo*, 106 F.3d at 683. Because petitioner was convicted in the United States District Court for the Southern District of Texas this Court lacks jurisdiction under 28 U.S.C. § 2255.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE